# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (IN CHAMBERS) – APPEAL FROM BANKRUPTCY COURT (Dkt. 1, filed November 18, 2016)

The Court finds this appeal appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  INTRODUCTION

On November 18, 2016, appellant Crown Coachworks, Inc. ("appellant") filed this appeal from the bankruptcy court's denial of their motion for attorneys' fees. Dkt. 1. On April 17, 2017, appellant filed its opening brief. Dkt. 18. On July 25, 2017, appellee Roger Bernard McClain ("appellee") filed his reply brief in opposition, Dkt. 23 ("Opp'n"), and on August 7, 2017, appellant filed a reply brief. Dkt. 24 ("Reply").

## II.  BACKGROUND

### A.  Factual Background and State Court Proceedings

Appellee was formerly employed as an estimator in appellant's automobile body repair shop. Opening Brief for Appellant ("Brief"), Ex. 6 at 1, Dkt. 18-2. In 2005, appellant began investigating discrepancies with several check payments to the repair shop. Id. at 3-6. On May 30, 2006, believing that appellee had been embezzling money, appellant sued appellee in Los Angeles County Superior Court ("state court") alleging various tort claims, including conversion and fraud. Id. at 6-7.

On May 13, 2008, the parties executed a stipulation for entry of judgment ("Stipulation"). Id. at 7. The Stipulation provided that appellee would make monthly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O  JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

payments to appellant over a period of three years for a total of $25,000. If appellee did not make all required payments, the state court would enter judgment for $45,000 plus interest less amounts paid. See Brief, Ex. 2, Dkt. 18-2. The Stipulation also included an attorneys' fees provision, which states:

> 2) Each party to this Stipulation shall bear its own attorney's fees and costs unless and until there is a default pursuant to the terms of this Stipulation.

Id. at 1.

On May 1, 2009, appellee failed to make a payment. On May 19, 2009, appellant requested that the state court enter judgment pursuant to the Stipulation. Brief, Ex. 4. at 1-3. Appellant claimed that appellee owed $42,250 in principal judgment, $12,547.67 in interest, $1,860 in costs, and $3,462.37 in attorneys' fees for a total judgment of $60,131.62. Id. at 4. On May 19, 2009, the state court entered judgment in favor of appellant for $56,099.25. Brief, Ex. 5, Dkt. 18-2.

### B. Bankruptcy Court Proceedings and Appeal

On January 3, 2014, appellee filed a voluntary Chapter 7 petition and sought to discharge the judgment debt. Brief, Ex. 6 at 1. On May 24, 2014, appellant filed a complaint in the United States Bankruptcy Court for the Central District of California ("bankruptcy court"), seeking nondischargeability of the debt owed. Id. Specifically, appellant argued that the state court judgment was nondischargeable because the liability arose on account of appellee's fraud, embezzlement, willful and malicious acts, and false statements. Id.

On April 13, 2016, the bankruptcy court entered judgment in favor of appellant. Brief, Ex. 7. The bankruptcy court found that appellee's debt arose as a result of his embezzlement and was therefore nondischargeable under 11 U.S.C. § 523(a)(4). Brief, Ex. 6 at 17-20.

On July 6, 2016, following the bankruptcy court's ruling, appellant filed a motion for attorneys' fees and costs in the bankruptcy proceeding. Brief, Ex. 8, Dkt. 18-2. Appellant argued that it was entitled to attorneys' fees and costs incurred as a result of the bankruptcy proceedings. It sought a total award of $139,444.01. In support of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

motion, appellant relied on Cal. Code Civ. P. § 1717 and Cal. Civ. Code §§ 685.040, 1021, and 1032.  Id.

On October 5, 2016, the bankruptcy court awarded appellant $2,963.86 in costs, but denied the request for attorneys' fees.  Brief, Ex. 14 at 1-2, Dkt. 18-2.

The bankruptcy court analyzed Cal. Code Civ. P. § 1717 and Cal. Civ. Code § 685.040, and found that those two statutes did not apply to this case.  The bankruptcy court further found that the parties' Stipulation did not encompass tort claims and, as a result, the nondischargeability proceedings were not covered.  Attorneys' fees were therefore not recoverable under Cal. Civ. Code §§ 1021 and 1032, as well.

Specifically, the bankruptcy court found that, under Cal. Code Civ. P. § 685.040, attorneys' fees are recoverable as costs to enforce a judgment if the underlying judgment includes an award of attorneys' fees.  However, "the judgment entered by the state court in response to the stipulation for judgment does not include an award of attorneys' fees."  Id. at 4-5.  Therefore, Section 685.040 did not apply.  Id.

Similarly, under Cal. Civ. Code § 1717, the prevailing party is entitled to attorneys' fees in "any action on a contract" that includes a contractual provision for fees. The bankruptcy court found that the nondischargeability proceeding was not an "action on a contract" because appellant prevailed in bankruptcy court on its embezzlement claim, not a contract claim.  Thus, Section 1717 also did not apply.  Id. at 5-6.

Finally, Cal. Code Civ. P. §§ 1021 and 1032 generally allow contracting parties to recover attorneys' fees if provided for by contract.  The bankruptcy court analyzed the parties' Stipulation and concluded that the fee shifting provision in the Stipulation did not cover the nondischargeability proceedings.  See id. at 6-11.  Specifically, the bankruptcy court stated:

> Were [appellant] to sue [appellee] for breach for contract, it appears that [appellant] would be entitled to attorneys' fees and costs for enforcing the Stipulation.  The judgment in this adversary proceeding, however, was based on a tort.  It appears this provision does not cover attorneys' fees incurred in litigating torts which *preceded* the parties' entry into the Stipulation, such as [appellee's] embezzlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

Id. at 10-11 (emphasis in original).

Appellant now appeals, seeking $138,000 in attorneys' fees incurred over the course of the bankruptcy court proceedings, as well as additional fees incurred as a result of this appeal. Brief at 29.

## III. LEGAL STANDARD

Ordinarily, a bankruptcy appeals panel hears appeals from orders of bankruptcy courts, but any party to the appeal may elect to have such appeal heard by the district court instead. 28 U.S.C. § 158(c)(1). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district courts . . . ." 28 U.S.C. § 158(c)(2). A district court "acts as an appellate court" and therefore applies the same standards of review. In re Daniels-Head & Assoc., 819 F.2d 914, 918 (9th Cir. 1987). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. A bankruptcy court's interpretations of law are reviewed de novo and its factual findings are reviewed for clear error. Blausey v. U.S. Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009). The court must accept the bankruptcy court's findings of fact unless, upon review, it is left with "the definite and firm conviction that a mistake has been committed." In re Straightline Invs., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

## III. DISCUSSION

In its appeal, appellant challenges the bankruptcy court's denial of its motion for attorneys' fees. Appellant argues it is entitled to recover attorneys' fees incurred in the adversary proceeding in bankruptcy court pursuant to Cal. Code Civ. P. §§ 685.040, 1021, 1032 and Cal. Civ. Code § 1717.

In federal courts, there is generally no right to attorney's fees unless authorized by contract or by statute. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975) ("Other recent cases have also reaffirmed the general rule that, absent statute or enforceable contract, litigants pay their own attorneys' fees."). The discharge exceptions under 11 U.S.C. §§ 523(a) is one such statute. In Cohen v. de la Cruz, 523 U.S. 213, 218-20 (1998), the Supreme Court interpreted the discharge exceptions under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O    JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), and (a)(9) to encompass all liability arising on account of a debtor's fraudulent conduct. Because the creditors in <u>Cohen</u> were entitled to attorneys' fees and costs under state law, the nondischargeable debt included attorneys' fees and costs. <u>Id.</u> at 223. Thus, "the determinative question for awarding attorney's fees is whether the creditor would be able to recover the fee outside of bankruptcy under state or federal law." <u>In re Hung Tan Pham</u>, 250 B.R. 93, 99 (B.A.P. 9th Cir. 2000).

In this case, citing Cal. Code Civ. P. §§ 1021, 1032 and Cal. Civ. Code § 1717, appellant argues that the Stipulation provides for an award of attorneys' fees. Appellant also contends that Cal. Code Civ. P. § 685.040 provides an alternative basis for attorneys' fees.

### A.   Contractual Attorneys' Fees

The Stipulation states:

> Each party to this Stipulation shall bear its own attorney's fees and costs unless and until there is a default pursuant to the terms of this Stipulation.

Brief, Ex. 2. Appellant argues that this provision entitles them to contractual attorneys' fees pursuant to Cal. Code Civ. P. §§ 1021, 1032, and Cal. Civ. Code § 1717.

### 1.   Cal. Code Civ. P. §§ 1021 and 1032

Cal. Code Civ. P. §§ 1021 and 1032 allow a prevailing party to recover attorneys' fees if the parties have a contract with a valid fee-shifting provision.

Specifically, Section 1021 states that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." Similarly, Section 1032(b) states "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover any costs in any action or proceeding." Attorneys' fees are included as costs when attorneys' fees are "authorized by . . . [c]ontract . . . [s]tatute [or] [l]aw." Cal. Code Civ. P. § 1033.5(A)(10)(a). Thus, appellant is entitled to attorneys' fees if the parties' contract (the Stipulation) authorizes fee shifting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

However, before a court will award attorneys' fees under a contractual fee-shifting provision, the provision must be "broad enough to cover the . . . tort claims" and "identify [the] party entitled to the benefit of those provisions." Brown Bark III, L.P. v. Haver, 219 Cal. App. 4th 809, 828 (2013) (citing Moallem v. Coldwell Banker Com. Grp., Inc., 25 Cal. App. 4th 1827 (1994)); see also In re Deuel, 482 B.R. 323, 327 (Bankr. S.D. Cal. 2012) (parties must "establish that the provision entitles recovery of attorneys' fees under the particular circumstances of the litigation.").

Here, there is no dispute that appellant is the prevailing party. Rather, the issue is one of contract interpretation—whether the fee-shifting provision in the Stipulation covers attorneys' fees for appellant's embezzlement claim.

The bankruptcy court found that the provision is a fee-shifting clause. It concluded that the phrase "unless and until there is a default pursuant to the terms of the Stipulation" limited the provision to breach of contract claims only. Brief, Ex. 6 at 10. The bankruptcy court found that the "provision does not cover attorneys' fees incurred in litigating torts which preceded the parties' entry into the Stipulation." Id. at 11. Because the nondischargeability proceeding in bankruptcy court was a tort claim for embezzlement and not a contract claim, the attorneys' fees provision did not apply. Id. at 10-11.

The Court agrees. The parties' narrowly drawn fees provision in this case does not have the same breadth as those in other California cases.[1] Compare Santisas, 17 Cal. 4th 599, 608 (agreement providing for fees for "litigation arising out of the execution" covered tort claims); Thompson v. Miller, 112 Cal. App. 4th 327 (2003) (same with language stating "any dispute under this Agreement"); Moallem, 25 Cal. App. 4th at 1831 (same with language covering claims "relating to the contract"). The Stipulation requires the parties to bear their own attorneys' fees "until" a default occurs. Merriam-Webster defines "until" as "up to" or "before." Merriam-Webster (Dec. 8, 2017). The use of the word "until" means that the parties are individually responsible for fees incurred "before"

---

[1] The provision is also vague. As the bankruptcy court pointed out, the provision does not identify "in which scenario the defaulting party is to pay the other party's fees and costs." Brief, Ex. 14 at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O  JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

a default occurred. Because the underlying embezzlement claim occurs before appellee's default, the parties' attorneys' fees provision does not apply.

### 2. Cal. Civ. Code § 1717

Cal. Civ. Code § 1717 makes contractual attorneys' fees provisions reciprocal. Section 1717 states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

In other words, if a contract awards attorneys' fees to one party, the other party will also be entitled to attorneys' fees if it prevails on an "action on [the] contract."

As a threshold matter, Section 1717 is only relevant if the parties have a contract with an applicable attorneys' fees provision. As explained above, the parties do not. The attorneys' fee provision in the Stipulation does not cover appellant's nondischargeability claim and Section 1717 is therefore inapplicable.

Moreover, Section 1717 does not cover tort claims. Under California law, tort claims and contract claims are distinct claims. Thus, a tort claim is not an action on a contract. See Santisas v. Goodwin, 17 Cal. 4th 599, 615 (1998) (finding that § 1717 only applies to attorneys' fees incurred to litigate contract claims); see also Bos v. Bd. of Trs., 818 F.3d 486, 498 (9th Cir. 2016) ("if the bankruptcy court did *not* need to determine whether the contract was enforceable, then the dischargeability claim is *not* an action on the contract within the meaning of [California Civil Code] § 1717."). Appellant's nondischargeability claim was premised on a tort claim for embezzlement. See Brief, Ex. 6 at 20. Therefore, appellant's claim was not an "action on a contract."[2]

---

[2] Although consent decrees, or stipulated judgments, are generally treated as contracts for the purposes of Section 1717 (see In re Tobacco Cases I, 193 Cal. App. 4th 1591, 1600-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O  JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

Accordingly, there is no apparent basis to reverse the bankruptcy court's finding that appellant is not contractually entitled to attorneys' fees.

### B. Statutory Attorneys' Fees

Appellant argues that, notwithstanding the terms of the Stipulation, it is entitled to statutory attorneys' fees under Cal. Code Civ. P. § 685.040.

Cal. Code Civ. P. § 685.040 states: "[t]he judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Attorneys' fees are not included as costs unless "the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." Id.; see also Jaffe v. Pacelli, 165 Cal. App. 4th 927, 935 (2008) ("the award of postjudgment attorney fees is . . . based on the award of attorney fees and costs in the trial judgment."). Cal. Code Civ. P. § 1033.5(A)(10)(a) includes attorneys' fees as costs "when authorized by . . . [c]ontract . . . [s]tatute [or] [l]aw."

The state court's judgment states:

IT IS HEREBY ORDERED ADJUDGED, AND DECREED, that [Appellant] shall have and recover from [appellee] as follows:

Judgment in the sum of $56,099.25.

On its face, the state court judgment does not include an award of attorneys' fees. The record is devoid of any evidence that the state court intended to so.[3] Therefore,

---

01 (2011)), a nondischargeability action in bankruptcy court does not seek to enforce the consent decree. Bos, 818 F.3d at 490. Thus, appellant's adversary proceeding in the bankruptcy court does not become an "action on a contract" merely because the state court entered a stipulated judgment.

[3] In the state court proceedings, appellant requested judgment in the amount of $60,131.62, but the state court only awarded $56,099.25. The parties dispute how the state court arrived at that lower amount. Appellants assert that the state court applied a complex shifting interest rate model in calculating pre-judgment interest and the final award necessarily included an award of attorneys' fees. Brief at 17-20 (citing Cal. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08606-CAS<br>USBC No. 1:14-ad-01058-VK<br>USBC No. 1:14-bk-10041-VK | Date | December 22, 2017 |
|---|---|---|---|
| TITLE | IN RE ROGER BERNARD MCCLAIN, ET AL. | | |

Section 685.040 does not apply and appellant is not entitled to statutory attorneys' fees under this Section.

Accordingly, there is no apparent basis to reverse the bankruptcy court's finding that appellant is not entitled to statutory attorneys' fees under Section 685.040.

## V.   CONCLUSION

For the reasons stated above, the judgment of the bankruptcy court is **AFFIRMED**.

IT IS SO ORDERED.

                                                        00  :  00
                              Initials of Preparer      CL


cc: Bankruptcy Court
    Bankruptcy Appellate Panel


Code § 3287 (mandating a 7% interest rate for pre-judgment interest in "tax or fee claim[s] against a public entity" rather than the standard 10% interest rate)).  However, appellant's theory is not supported by the law they cite nor by any evidence in the record. It is more likely that the state court simply made a computation error when subtracting appellants' requested fees amount from its requested final judgment award.